### CHARLEY CANISTER v. THE STATE.

No. 2940.    Decided February 24, 1904.

**1.—Assault to Murder—Manslaughter.**
Where defendant had been informed that the assaulted party had been intimate with defendant's wife but did not believe it, and thereupon met them returning from church in a compromising attitude, when he fired upon said party, wounding him in the leg; the law of adequate cause reducing the homicide to manslaughter had death ensued, as also the law on aggravated assault should have been given in the court's charge to the jury.

**2.—Same—Aggravated Assault.**
If the defendant had been informed that prosecuting witness had been guilty of adultery with defendant's wife and he killed him upon first meeting it would be manslaughter, whether said report was true or not, and if he did not kill him the offense would be reduced to aggravated assault.

Appeal from the District Court of Titus.    Tried below before Hon. P. A. Turner.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The facts bearing on the issue presented are taken from appellant's brief and are substantially correct:

The appellant in this case claims that he had been informed by his brother and Joe Lindley and others, prior to the shooting of the witness Homer Barrett, that he, Homer Barrett, had been having carnal intercourse with the wife of the appellant, and that the appellant did not believe it, and did not act on the information so received, but watched the parties, and on the night of the shooting the appellant's wife did not come back from church, as she had promised the appellant to do, when she left him at home sick in bed and went to church, and he believed that something was wrong and went out to look for his wife, and found her in the company of the said Homer Barrett a good distance from home, sauntering along together with their arms locked together, and practically by themselves.    That when he came upon them in this manner, and knowing that his wife should have gone home more than an hour before that time, he believed the information that he had previously received concerning their adulterous actions toward each other, and that aroused in his mind a strong passion that rendered it incapable for the time of cool reflection, and that while he was acting under the immediate influence of that passion he shot the witness Homer Barrett.

*Ralston & Ward,* for appellant.—The enumeration of the certain things which will be deemed adequate cause, as mentioned in the statute, does not limit adequate cause to the matters and causes named in the statute, and it is error for the court to limit the defendant by his charge to the matters and causes named in the statute.

In his charge to the jury the court limits the causes which will be considered adequate to render the mind incapable of cool reflection and

thus reduce the assault to an aggravated assault, to the facts of an adultery of the prosecutor with the wife of the appellant, and the appellant's actual knowledge of that fact. And also limits the appellant's right to the benefits of the adequate cause to reduce the assault to aggravated assault, to the first time of the meeting of the appellant and the person on whom the assault is committed. Richardson v. State, 28 Texas Crim. App., 216; Tucker v. State, 50 S. W. Rep., 711; Hopkins v. State, 50 S. W. Rep., 381.

If the appellant is informed of the adulterous intercourse between his wife and the person assaulted and does not believe the information, he may not act on it, and afterwards he may see the injured party with his wife under such circumstances as to force him to believe the former communication conveyed to him about their adulterous conduct toward each other; and if that was adequate cause to arouse in the mind of a person of ordinary temper a degree of anger or rage sufficient to render his mind incapable of cool reflection, and he, while under the immediate influence of such passion, committed an assault on the injured party, he would be guilty of no greater offense than aggravated assault. The facts and circumstances are to be viewed from the appellant's standpoint, and if it reasonably appeared to be true it is the same to him as if it were true, if he believed it to be true.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years.

The evidence shows that on the night of the 16th of August, 1903, while prosecuting witness Homer Barrett was returning from church, in company with defendant's wife and two other parties, defendant approached Barertt and shot at him twice as he ran away, wounding him in the leg. The evidence for the defense shows that defendant had been informed by various parties that Barrett was intimate with his wife; that she with her sister went to church, and not returning as soon as the others did, he became suspicious and went in search of her. When defendant met his wife she had hold of the arm of Barrett; and this, added to his previous information as to his conduct towards his wife, so exasperated defendant that he shot at Barrett. Appellant objects to the following portion of the court's charge: "In order for adultery to constitute 'adequate cause' to reduce an assault with intent to murder to an aggravated assault, the assault or shooting must have occurred as soon as the fact of an illicit intercourse was discovered by defendant, or at the first meeting of the parties after the discovery of such adultery." The objection of appellant to this charge being that the jury are told that defendant, as soon as he learned of the adulterous connection between his wife and the party assaulted, must then assault

him, or must assault him at the first meeting thereafter; and that if defendant did not make the assault at the first meeting of the assaulted party or at the time of learning of the adulterous connection between the party assaulted and defendant's wife; and if afterwards defendant was to catch the assaulted party in adultery with the wife of defendant, that would not amount to an adequate cause that would reduce the assault from an assault to murder to an aggravated assault, whereas the law of this State is that if defendant is informed of the adulterous intercourse between the assaulted party and the wife of defendant, he may not believe it, and afterwards defendant may come upon the assaulted party with the wife of defendant under such circumstances as to produce the belief in the mind of defendant that the assaulted party has been guilty of an adultery with the wife of defendant; and such sudden discovery of the conduct of the assaulted party with the wife of defendant, if it was sufficient to and such as would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, and the assault committed under the immediate influence of the passion aroused by these circumstances would be an aggravated assault and not an assault to murder. According to the testimony of the defendant he did not act upon the information furnished him by third parties, but went in search of his wife; and, if, when he found his wife, as appellant suggests in the above objections, in such a compromising attitude towards the prosecuting witness as to corroborate his previous information, and his mind was thereby rendered incapable of cool reflection, either from anger, rage, resentment or terror, and while laboring under such state of mind, he shot at prosecuting witness and killed him, the highest grade of offense of which he would be guilty would be manslaughter; and failing to kill him, he would have been guilty of an aggravated assault. This phase of the law should have been given by the court in his charge to the jury. Richardson v. State, 28 Texas Crim. App., 216; Tucker v. State, 50 S. W. Rep., 711; Hopkins v. State, 50 S. W. Rep., 381.

Appellant also complains of the following portion of the charge: "Where the defendant is charged with an assault with intent to murder and admits he made the assault, but seeks to reduce the assault to an aggravated assault on the grounds that the assaulted party had been guilty of adultery with the wife of defendant, it is not necessary that the adultery was committed at the time of the assault or the shooting, but the assault or shooting would be only an aggravated assault, provided that assault or shooting occurred as soon as the parties meet after the fact of the illicit intercourse was discovered by the defendant." Appellant insists this was error, because the court limits the circumstances which would be an adequate cause or reduce the assault from assault to murder to aggravated assault to the actual

occurrence of an adultery between the assaulted party and the wife of defendant; and to defendant's actual knowledge of the fact of adulterous intercourse between his wife and the assaulted party. And the defendant says that the same is too restrictive. If the defendant had been informed that prosecuting witness had been guilty of adultery with his wife and he killed him upon first meeting it would be manslaughter. This would be true whether said report was true or not, if defendant believed it to be true. If he did not kill him he would be guilty of aggravated assault under such circumstances. For a discussion of the principles governing this matter, see the above cited cases.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*