Corda Cooper v. The State.

No. 3207.   Decided March 8, 1905.

**1.—Assault with Intent to Murder—Manslaughter—Charge of Court.**

Where the evidence showed that there was an altercation between defendant and prosecutor, before the alleged assault with intent to murder by defendant, in which the prosecutor struck the defendant, raising a knot over his eye, the court should have submitted the law of aggravated assault and cooling time; the time elapsing between the two difficulties being only about two minutes.

**2.—Same—Charge of Court—Homicide Committed to Prevent Murder, etc.**

Where there was evidence that the prosecutor threw a cleaver at defendant and advanced upon him with a butcher knife, before the latter fired at the former, the law would presume the prosecutor intended to kill or inflict serious bodily injury upon defendant, and the court should have charged article 676 Penal Code.

Appeal from the Criminal District Court of Harris. Tried before Hon. J. K. P. Gillaspie.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Branch,* for appellant.—On question of manslaughter: Hayman v. State, 11 Texas Ct. Rep., 486; Thomas v. State, 42 Texas Crim. Rep., 386; Mundine v. State, 37 Texas Crim. Rep., 5; Braude v. State, 45 S. W. Rep., 17; Gilcrease v. State, 33 Texas Crim. Rep., 619; Hobbs v. State, 16 Texas Crim. App., 517.

On the question of charging article 676 Penal Code:—The court should have charged the jury as a matter of law that if they found that Wade Jones was advancing on appellant with a knife, and that the same was a deadly weapon that the law presumed that the intention of said Jones was to kill appellant. Jones had, in less than two minutes previously, run appellant out of the store room, and the jury may have believed that his purpose in advancing on appellant with the knife was only to run him out of the dining room, and to prevent him from going in the store room again. His purpose was at least doubtful, and article 676 of the Penal Code has not left the intention of the injured party a matter for the jury to find in this character of the case, but said article fixes the intent as a matter of law, and it is binding on courts and juries alike. Scott v. State, 81 S. W. Rep., 952; Teel v. State, 5 Texas Ct. Rep., 574; Hall v. State, 66 S. W. Rep., 783; Paderes v. State, 45 S. W. Rep., 914; Ward v. State, 30 Texas Crim. App., 687; Cochran v. State, 28 Texas Crim. App., 422; Jones v. State, 17 Texas Crim. App., 602; Kendall v. State, 8 Texas Crim. App., 569.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder. From the facts it appears that appellant and the assaulted party (Wade Jones) were the employees of Hanson, the proprietor of the Burnett Hotel, in the city of Houston. Hanson sent appellant to the store room for the purpose of obtaining some poison, which was kept in that room. While in the store room, Jones (the assaulted party) also entered, and appellant lighted a match, and Jones asked him what he was doing in there. Appellant replied he was looking for cockroach poison. Jones ordered him out; and they had a wordy altercation. Jones struck him with his hand and appellant

left: Jones returned to the kitchen. In about two minutes appellant came into the dining room with a cup in his hand. Jones was employed in cutting up meat on the kitchen table. The door between the dining room and kitchen was open. Appellant remarked to Jones, as soon as he saw him, "I will kill you." Jones grabbed a glass and started around the table. While defendant had the cup in his hand, and Jones was going towards him with the glass, appellant jumped behind the door and shot, and continued shooting, striking Jones in the right hand, in the leg, in the head and in the body. This was Jones' testimony, except as to the fact that Burnett sent appellant for the poison. Appellant testified that he went after the poison by order of his employer; that he went into the kitchen and looked about for some one to ask about it, and finding no one, went into the store room, lighted a match, and began to look around. Jones came in and ordered him out. Appellant informed Jones that Hanson, the proprietor, had sent him for the poison and Jones again ordered him out. Jones picked up a glass and said, "Get out of here," and changed the glass to his left hand and struck appellant a blow over the eye with his fist, knocking appellant back somewhat, raising a knot over the eye, which knot was on his head after the shooting and when arrested. Appellant left the store room. Jones threw the glass at him, striking the door. Appellant went into the office of the hotel, got Mr. Hanson's pistol, and started back to the store room. He took the pistol for protection, as he had not finished looking for the poison. He went back right after the store room incident, and started into the dining room, which was the way to get to the store room: the store room being to one side of the kitchen. Leaving the office, where he obtained the pistol, he first went through a little hall, which led into the dining room. There was no door here; only a doorway. As soon as he got to the doorway, Jones saw him. Jones was cutting meat on the meat block, and not on the table, with a butcher knife, about two feet long, and had a big cleaver on the block by his side. The cleaver was also about two feet long. No words passed. He had no cup in his hand, as testified by Jones. The pistol was in his pocket. When Jones saw appellant, he threw the cleaver at him, and started at him with the butcher knife. Appellant dodged the cleaver and it struck the side of the doorway. Appellant believed his life was in danger from the knife, drew his pistol, and shot five times. Jones had gotten within twelve to fifteen feet of appellant, when he fired. This is a sufficient statement to bring in review the questions relied upon for reversal.

The court submitted the issue of assault to murder and self-defense, but failed to charge on manslaughter and cooling time. Exception was reserved to the failure of the court to charge aggravated assault and cooling time. This was error. If Jones had been killed manslaughter would have been an issue under the facts stated. Appellant was obeying the orders of his employer, Hanson, in going into the store room for the poison. Jones made an attack on him, which pro-

duced a knot over his eye, partially knocking him backward. He went immediately into the office, where the pistol was kept, secured it and returned. The time elapsing between the two difficulties was about two minutes. This clearly presented the issue of aggravated assault, for if the killing had occurred, the court would be legally bound to charge the issue of manslaughter. To sustain this proposition authorities are not necessary. Cooling time, in this connection should have been given. The time elapsing between the two difficulties was only about two minutes.

Error is also assigned on the failure of the court to charge article 676 Penal Code. The provisions of this article should have been given; and the jury informed that if Jones had thrown the cleaver at appellant, and was advancing on him with a butcher knife, the law would presume he intended to kill or inflict serious bodily injury upon appellant. The charge on reasonable appearances of danger on another trial should be given.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.