## GUY GILLESPIE v. THE STATE.

### No. 4084.   Decided March 11, 1908.

**1.—Murder—Charge of Court—Adequate Cause—Insult to Female Relative—Sudden Passion.**

Where upon trial for murder, the court instructed the jury in defining adequate cause that it required a condition which is capable of creating and does create sudden passion such as anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection, the same was error; and there being but one adequate cause in the case, which was insulting conduct towards the female relative of the defendant, the court should have confined his charge to that alone, and submitted this issue as a question of fact for the jury.

**2.—Same—Charge of Court—Defendant's Belief.**

Where upon trial for murder there was evidence of insulting conduct by deceased towards the female relatives of defendant, the court should have charged if defendant believed the same to be true, and this rendered his mind incapable of cool reflection, etc., the offense would be manslaughter.

**3.—Same—Charge of Court—First Meeting—Manslaughter—Insulting Conduct to Female Realtives.**

Under article 598, Penal Code, with reference to insulting words, etc., towards a female relation, etc., the court in defining the word "meet" should charge the jury that the word signified that the parties were brought into such proximity as would enable the defendant to act in the premises, whether he was armed or unarmed.

Appeal from the District Court of Knox.   Tried below before the Hon. J. M. Morgan.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*J. T. Montgomery, J. A. Stephens* and *Holman & Dickson,* for appellant.—On question of court's charge on adequate cause: Jones v. State, 33 Texas Crim. Rep., 492; Halliburton v. State, 32 Texas Crim. Rep., 51.   On question of malice:   Martinez v. State, 30 Texas Crim. App., 129.   On question that verdict for murder in the second degree was not justified:   Eanes v. State, 10 Texas Crim. App., 421 and Jones, supra.   On question of sudden passion:   Kannmacher v. State, 51 Texas Crim. Rep., 118; 101 S. W. Rep., 238.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at fifteen years confinement in the penitentiary.

Bill of exceptions No. 5 complains of the following: Defendant's counsel objected to the 16th paragraph of the court's charge, defining adequate cause, by requiring conditions "which is capable of creating and does create sudden passion, such as anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection as adequate cause," and when several of such circumstances might be found to exist, though no one of them might be found sufficient, yet all taken and considered together might, in the opinion of the jury, be sufficient to create in the mind of the party killing, the above conditions of sudden anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection. The appellant insists that the charge is incorrect in this case, since the law did not require that the anger should be sudden, or sudden passion, and the same is an unjust limitation upon the rights of the defendant and misleading. Bill of exceptions No. 6 complains of the same error in the charge.

These charges are erroneous. See Kannmacher v. State, 51 Texas Crim. Rep., 118; 101 S. W. Rep., 238, and Redman v. State, decided at the present term. It was not proper in this case to charge upon but one phase of manslaughter. Appellant's testimony that suggested manslaughter was the insult and outrage upon his (appellant's) sisters by the deceased, who was his father, he claiming that deceased had had sexual intercourse with his sisters and that he killed him upon the first meeting. The State's evidence showed a cold-blooded murder, either of the first or second degree. It follows, therefore, in the first place, and the court should not have charged upon any grade of manslaughter except insult to a female relative; and in the second place, the court erred in telling the jury that the passion that appellant might be laboring under at the time of the homicide must be a sudden passion. As appellant insists, the court further erred in not charging the jury that insult to a female relative is adequate cause to reduce the homicide to manslaughter, if the killing occurred upon the first meeting. By this, we merely mean that the statute makes it a cause for passion, but it is a question of fact for the jury to determine whether, as a matter of fact, the defendant was laboring under passion such as rendered his mind incapable of cool reflection at the time of the homicide; but it is error for the court not to tell the jury that the insult under such circumstances is an adequate cause in law to produce the passion.

The evidence in this case further suggests that the court erred in not telling the jury that, whether deceased had outraged the sisters of appellant or not, if appellant believed same to be true, and acting on such belief, and laboring under passion which rendered his mind incapable of cool reflection, he slew deceased upon the first meeting, after being apprised of the outrage, the same would be manslaughter.

Appellant further complains that the court erred in failing to charge the jury as to what the law means by first meeting. In passing upon this question in the case of Pitts v. State, 29 Texas Crim. App., 374, we held that, under article 598, of the Penal Code, the word "meet"

signifies that the parties were brought into such proximity as would enable the defendant to act in the premises, whether he was armed or unarmed.

For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*