### TAYLOR LOVE v. THE STATE.

No. 2546. Decided June 18, 1913.

**1.—Murder—Charge of Court—Manslaughter—Pain and Bloodshed—Adequate Cause.**

Where, upon trial of murder, the evidence showed that just before the homicide a difficulty occurred between the parties in which deceased severely punished defendant, causing him both pain and bloodshed, the court's failure to submit this as adequate cause was reversible error.

**2.—Same—Rule Stated—Adequate Cause—Statute.**

If a cause made adequate by the statute is in evidence, the charge of the court must not only tell the jury that the same is adequate cause, but must apply the law to the facts. Following Attaway v. State, 41 Texas Crim. Rep., 395, and other cases.

**3.—Same—Rule Stated—Pain or Bloodshed.**

Where the statute enumerates the causes, as in this case, pain or bloodshed, the court must appropriately instruct the jury with reference to each, and if there be independent cause or a combination of independent causes not set forth specifically in the statute, these should be combined separately from the statutory adequate causes and the jury appropriately instructed.

**4.—Same—Cooling Time—Charge of Court.**

Where the evidence showed that there was a separation between the parties after the first difficulty for a short time and defendant was suffering from the punishment received, the question of cooling time was raised and should have been submitted to the jury.

### 5.—Same—Rule Stated—Cooling Time.

If there is evidence of a previous difficulty between the parties a short time prior to the fatal difficulty and adequate cause could be predicated on the first, the court should charge on adequate cause based on the previous difficulty in connection with cooling time. Following Thomas v. State, 42 Texas Crim. Rep., 386, and other cases.

### 6.—Same—Rule Stated—Charge of Court—Cooling Time.

If there is evidence of adequate cause arising at the time of the homicide, and also evidence of adequate cause arising from a previous difficulty and the difficulty was not continuous and only a short time intervened, the court should charge on both phases of adequate cause and cooling time in connection with the first. Following Hayman v. State, 47 Texas Crim. Rep., 263, and other cases.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder in the second degree; penalty, eighteen years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Pickett,* for appellant.—On question of the court's charge on manslaughter in failing to charge on statutory cause of pain and blood-shed: Worthan v. State, 55 S. W. Rep., 55; Dodson v. State, 78 S. W. Rep., 940; Renow v. State, 49 Texas Crim. Rep., 281, 92 S. W. Rep., 801; Arnwine v. State, 50 Texas Crim. Rep., 254, 96 S. W. Rep., 4; Hightower v. State, 56 Texas Crim. Rep., 248, 119 S. W. Rep., 691; Craft v. State, 57 Texas Crim. Rep., 257, 122 S. W. Rep., 547; Barbee v. State, 58 Texas Crim. Rep., 129, 124 S. W. Rep., 961; Smith v. State, 65 Texas Crim. Rep., 65, 148 S. W. Rep., 699; Gaines v. State, 67 Texas Crim. Rep., 325, 148 S. W. Rep., 717; Ware v. State, 152 S. W. Rep., 1074.

On question of the court's failure to charge on cooling time: Luttrell v. State, 65 Texas Crim. Rep., 102, 143 S. W. Rep., 628; Powdrill v. State, 62 Texas Crim. Rep., 442, 138 S. W. Rep., 114; Leggett v. State, 62 Texas Crim. Rep., 99, 136 S. W. Rep., 784; Ross v. State, 53 Texas Crim. Rep., 277, 109 S. W. Rep., 194, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, his punishment being assessed at eighteen years confinement in the penitentiary.

The complaints of appellant are directed against the court's charge on manslaughter. Briefly stated, so far as the disposition of the case is concerned, the facts show on Christmas day some negroes were congregated at a race course and engaged in horse racing. The deceased, Lewis, had trouble with two brothers of the defendant, Buck and Pete Love, and gave them both a whipping. About the time he finished these performances he said something to the defendant about giving him his

money. It may be gathered from the facts the deceased thought that defendant was holding stakes in which he, deceased, was interested, and there is some evidence perhaps tending to show that appellant may have held stakes. Anyway, deceased thought so. Defendant left the grounds and went to the residence of Barney Wright, about 300 yards away. After a short interval of time, twenty or thirty minutes, deceased followed appellant to Wright's and told him that he, appellant, had gotten his, deceased's, money, which the appellant denied. This brought on a war of words, which finally ended in a personal difficulty in which deceased severely punished appellant, causing him both pain and bloodshed. It is unnecessary to go into a detailed statement of the difficulty. There seems to have been no question so far as these matters are concerned. Deceased had appellant down while beating him, and was pulled off; parties separated them, and after some ten to twenty minutes, witnesses varying as to the time, the parties got together again, and appellant, during the latter altercation, stabbed the deceased, from which he died. The record of the testimony is very voluminous, covering 105 pages. It is deemed unnecessary to go into a statement of these matters further than as it pertains to the criticism of the court's charge. The court, with reference to manslaughter, instructed the jury:

"By the expression 'under the immediate influence of sudden passion' is meant: That the provocation must arise at the time of the commission of the offense, and that the passion is not the result of a former provocation. The act must be directly caused by the passion arising out of the provocation. The passion intended is either of the emotions of the mind known as anger, rage, sudden resentment or terror, rendering it incapable of cool reflection. By the expression 'adequate cause' is meant such as would commonly produce a degree of anger, rage, resentment or terror, in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

"The following are deemed adequate causes: An assault and battery causing pain or bloodshed is adequate cause and any condition or circumstance which is capable of creating and does create sudden passion, such as anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection, whether accompanied by bodily pain or not, is deemed adequate cause. And where there are several causes to arouse passion, although no one of them alone would constitute adequate cause, it is for you to determine whether or not all such causes combined might be sufficient to do so."

Then follows another section of the charge which informs the jury that adequate cause must exist at the time to produce the state of mind above referred to, and the state of mind must actually exist. Applying the law to the case, the court thus charged the jury: "Now, if you believe from the evidence beyond a reasonable doubt, that the defendant with a knife, a deadly weapon, or instrument reasonably calculated and likely to produce death by the mode and manner of its use. in a sudden

transport of passion aroused by adequate cause, as the same has been hereinbefore explained, with intent to kill did unlawfully cut and thereby kill said Teal Lewis, then you will find him guilty of manslaughter and assess his punishment," etc. It is contended this charge is too restrictive, and that while the court does tell the jury that an assault and battery causing pain or bloodshed is adequate cause, yet applying the law to the case the court does not instruct the jury that if they find the deceased inflicted pain or bloodshed, that this would be sufficient cause to arouse sudden passion requisite under the statute. We are of opinion this contention of appellant is correct. The court should have instructed the jury, applying the law, that if deceased had inflicted pain or bloodshed upon appellant and this produced sudden passion called for by the statute, then they should only find appellant guilty of manslaughter. The proposition is thus laid down by Mr. Branch in his excellent work on Criminal Law: "If a cause made adequate by statute is in evidence, charge must not only tell jury that same is adequate cause, but must apply the law to the facts, and tell them, for example, that if blow was struck and that it caused pain or bloodshed, and that it aroused defendant to such a degree of anger, rage, sudden resentment or terror as rendered his mind incapable of cool reflection at the time of the homicide, that he should not be found guilty of anything higher than manslaughter." Sec. 512, Branch's Crim. Law; Attaway v. State, 41 Texas Crim. Rep., 395; Ware v. State, 49 Texas Crim. Rep., 413; Horn v. State, 50 Texas Crim. Rep., 404; Gillespie v. State, 53 Texas Crim. Rep., 167; Brown v. State, 54 Texas Crim. Rep., 121; Brookins v. State, this day decided. These are sufficient authorities to sustain the proposition, and they seem to be without dissent or contradiction. Wherever the statute enumerates the cause or causes, as in this case, pain or bloodshed, the court must appropriately instruct the jury with reference to each, and if there be independent cause or combination of independent causes not set forth specifically in the statute, these should be combined separately from the statutory adequate cause and the jury appropriately instructed. They may or may not find that the cause is adequate, while in the other they must find it so, because the statute makes it so. The authorities in regard to these propositions are found collated in section 512 of Mr. Branch's work on Criminal Law.

There is another criticism of the charge on manslaughter, which is well taken. The evidence shows, and without contradiction, both by the State and the defendant, that there was a separation between the parties after the first difficulty. The witnesses vary as to the time of separation. It was from ten to thirty minutes. Defendant seemed to have been very much excited during the time and was suffering from the beating he received; one of his eyes was badly hurt and pained him, and he was beaten and bruised about the face and was bleeding. In the second difficulty appellant cut the deceased with a knife which was shown to have had a blade about two inches long. From this wound deceased died. This raised the question of cooling time. Appellant

may have been the aggressor in the latter difficulty, but whether he was or not, the adequate cause existed which produced the passion and his mind was excited, and in this condition he cut the deceased, which cut brought about his death. Under all the authorities this suggested a charge on cooling time. Referring to Mr. Branch's Criminal Law, we find he thus states the rule: "If there is evidence of a previous difficulty between the parties a short time prior to the fatal difficulty, and adequate cause could be predicated on the first, the court should charge on adequate cause based on the previous difficulty in connection with cooling time." Thomas v. State, 42 Texas Crim. Rep., 386; Hayman v. State, 47 Texas Crim. Rep., 263; Dixon v. State, 51 Texas Crim. Rep., 555; Huddleston v. State, 54 Texas Crim. Rep., 93; Watson v. State, 50 Texas Crim. Rep., 171; Mundine v. State, 37 Texas Crim. Rep., 5; Castro v. State, 40 S. W. Rep., 985; Cooper v. State, 49 Texas Crim. Rep., 28; Ross v. State, 53 Texas Crim. Rep., 277; Brownlee v. State, 48 Texas Crim. Rep., 408; Cooper v. State, 48 Texas Crim. Rep., 36; Wadlington v. State, 19 Texas Crim. App., 266; Murray v. State, 35 S. W. Rep., 990. Again he states the rule: "If there is evidence of adequate cause arising at the time of the homicide, and also evidence of adequate cause arising from a previous difficulty, and difficulty was not continuous, and only a short time intervened, the court should charge on both phases of adequate cause, cooling time in connection with the first." Authorities already cited are in point. Where it is an issue whether the difficulty was continuous, some evidence supporting the theory that it was continuous, while other evidence supporting the theory that it was not continuous but broken by intervening time, then it is the duty of the court to charge on cooling time.

Viewing the entire record in the light of the facts and the law, we are of opinion that the court's charge was incorrect, and that upon another trial the views herein set forth should govern the court in the application of the law to the facts.

Because of the errors discussed the judgment is reversed and the cause is remanded.

*Reversed and remanded.*