### Raymond Long v. The State.

No. 4892. Decided February 5, 1919.

**1.—Murder—Adequate Cause—Charge of Court—Manslaughter.**

Where, upon trial of murder, the evidence raised the issue of manslaughter, and the court in his charge on that offense made no application of the law to the facts of the case, and refused a requested charge thereon which pointed out the failure to specifically and affirmatively charge the law, the same was reversible error.

**2.—Same—Rule Stated—Adequate Cause—Charge of Court.**

If a condition or circumstance made adequate cause by statute is in evidence, the charge of the court should not only inform the jury that the same is adequate cause, but should apply the law to the facts.

**3.—Same—Impeaching Testimony—Other Offenses.**

Proof of other offenses for the purpose of impeaching the defendant should be confined to such as are not too remote, and to those which are felonies, or misdemeanor involving moral turpitude, and the argument of counsel must be confined to the record.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*W. B. Featherstone, J. K. Russell,* and *W. E. Myres,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant under conviction of murder, his pen-

alty being fixed at fifteen years confinement in the penitentiary, prosecutes this appeal.

He shot Jack Carter and killed him. Immediately before the shot was fired the parties were engaged in a difficulty; they were both down on the floor, deceased on top; parties separated them, or undertook to do so, and just after deceased arose to his feet, and while appellant was lying or sitting on the floor, the shot was fired. It is apparent that the homicide took place in a cabaret adjoining a saloon, which was resorted to by people of ill-repute, and that appellant at the time was in company with his sister and some other women of that character. That the deceased interfered with the women, and, on appellant objecting, some words ensued, the deceased making an attack, either knocking or pushing appellant down on the floor. An issue of self-defense arose partly based upon threats by the deceased, and communicated to appellant, accentuated by a demonstration of the deceased at the time the shot was fired, and partly upon the testimony of the appellant and others that a knife was used by deceased and that immediately after arising to his feet the deceased reached for a wine bottle with which appellant believed he was about to be assaulted. The manner in which the homicide took place was not the subject of great difference in the witnesses for the State and the appellant, except upon the question as to whether or not the deceased used a knife or was making any demonstration to use the wine bottle at the time he was shot. Appellant testified that in the difficulty he was cut by the deceased, and described it as a scratch on the right side; that deceased had a knife in his hand; that the injury produced pain, and that in addition thereto the skin was knocked off of his knee either by deceased kicking him or striking him with the knife handle.

The court in submitting the issue of manslaughter defined the term "adequate cause," and enumerated the statutory matters designated as adequate cause, including the following, which is quoted from his charge: "1. An assault and battery by the deceased causing pain or bloodshed." He further told them any condition or circumstance capable of creating sudden passion and which rendered the mind incapable of cool reflection might be an adequate cause, and that any such circumstances taken singly or collectively might be considered. This is followed by a statement that the penalty for manslaughter was confinement in the penitentiary for not less than two nor more than five years, and that if the jury entertained a reasonable doubt as to whether appellant was guilty of murder or manslaughter, to give him the benefit of the doubt and find him guilty of manslaughter. We find in the charge no application of the law to the facts of the case on the subject of manslaughter. The appellant requested some special charges on the subject, which were refused, and in a specific exception to the main charge challenged its correctness in failing to specifically and affirmatively charge the law with reference to adequate cause resulting from an assault and battery causing either pain or bloodshed, and in his motion for a new trial com-

plained of the failure of the court to apply the law to the facts touching the issue of manslaughter, and the failure to read to the jury appellant's special charges upon the subject. The charge on manslaughter is incomplete, particularly with reference to its failure to apply the law to the facts with reference to an assault by the deceased producing pain or bloodshed. On the subject we quote from Mr. Branch's Ann. P. C., p. 1137, as follows:

"If a condition or circumstance made adequate cause by statute is in evidence, the charge should not only inform the jury that the same is adequate cause, but should apply the law to the facts and instruct them, for example, that if the blow was struck and that it caused pain or bloodshed and that it aroused the defendant to such a degree of anger, rage, sudden resentment, or terror as rendered his mind incapable of cool reflection at the time of the homicide, that then he should not be found guilty of anything higher than manslaughter."

Apparently the learned trial judge by inadvertence omitted to observe these principles in writing his charge. The facts of the case, however, requiring an adequate charge upon the subject, the omission is of a character which makes it necessary that a reversal be ordered.

We find no other questions in the record presented in a manner requiring consideration. We will say, however, that on another trial proof of other offenses for the purpose of impeaching the defendant should be confined to such as are not too remote, and to those which are felonies, or misdemeanors involving moral turpitude. See Branch's Ann. P. C., sec. 167, and cases listed. In the discussion of these crimes before the jury details not proved and not admissible should not be referred to.

For the error pointed out the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*