### EARL DIXON v. THE STATE.

No. 8859. Delivered April 22, 1925.

Murder—Charge of Court—On Manslaughter—Condemned.

The defensive theory of appellant in this case, was insulting words and conduct of deceased toward his sister. In presenting this issue, in his charge on manslaughter, the learned trial court used almost an exact copy of the charges in the cases of Tucker v. State, 50 S. W., 711 and Akin v. State, that have been condemned by this court. For this error the cause must be reversed. See cases cited for principles laid down and fully discussed by Judge Davidson, and Judge Ramsey on the law of manslaughter.

Appeal from the District Court of Angelina County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction of murder; penalty, fifteen years in the peintentiary.

The opinion states the case.

*Mantooth & Denman, C. B. & J. J. Collins,* of Lufkin, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Angelina county for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of fifteen years.

The testimony shows that the deceased accused his wife, who was the appellant's sister, of having laid up with a negro man or negro men and that he had violently abused her, and that on Sunday night before the killing on Monday morning the mother of this appellant conveyed to him what his sister had said with reference to the charges and abuse inflicted upon her by the deceased. Appellant introduced proof to show that he was very much agitated, upset and unstrung on account of the information that he had received concerning the charges the deceased had made against his sister, that he was in this condition on Sunday night before the killing occurred the next day, and that on Monday morning he went to the home of the deceased and demanded, or intended to demand, an explanation of deceased's conduct toward appellant's sister, and at this time the killing occurred.

By bills of exceptions Nos. 8, 9 and 10 the appellant seriously complains of the charge the court gave on the question of manslaughter. In presenting the law of manslaughter the court gave the following charge:

"By the expression 'under the immediate influence of sudden passion' is meant that the provocation must arise at the time of the commission of the offense and that the passion is not the result of a former provocation."

The court also charged that:

"While the law provides that the provocation must arise at the time of the killing, yet, in judging of the adequacy of the provocation and the effect of the passion upon the mind of the defendant, the past conduct of the deceased, Jim Havard, toward the sister of the defendant may be taken into consideration."

The charge in this case is almost an exact copy of the charge that was condemned in the case of Tucker v. State, 50 S. W. 711, and in Akin v. State, 56 Tex. C. R. 324. Also see Section 2037 Branch's P. C. for collation of cases. Also see Squires v. State, 92 Tex. C. R. 167. The facts in the Tucker case are in no essential different from the facts in this case. The cases above cited are so clearly in point and so fully and plainly discuss the question involved that we do not deem it necessary to write at length upon it. It is sufficient to say that the charge should not have been given in the form we find it in the record; but the law of manslaughter should be presented in cognizance with the principles laid down and fully discussed by Judge Davidson in the Tucker case and by Judge Ramsey in the Akin case.

Complaint is also made of certain other portions of the court's charge. The portions of the charge complained of are, we think, subject to the objection that they are confusing and more or less

misleading, and on another trial of the case we suggest that it be corrected to conform to the objections urged by appellant against it on this trial.

Our State's Attorney has confessed error in this case because of the matters above discussed, and we think that he is correct in conceding that these matters constitute such error as necessitates a reversal of the case.

It is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.