## EARL DIXON V. THE STATE.

### No. 10156.   Delivered December 8, 1926.

#### 1.—Murder—Charge of Court—Defensive Theory—Erroneously Refused.

Where, on a trial for murder, appellant defends upon the theory of manslaughter, due to an insult which appellant had been informed that deceased had offered to appellant's sister, it was error to refuse to charge the jury that it was immaterial whether in fact the insulting conduct attributed to the deceased actually occurred, if the jury found that appellant had been informed that deceased did do the things charged against him, and believed the information he received to be true.

#### 2.—Same—Continued.

Where the defense is interposed that the killing occurred on the first meeting of the parties after the information of an insult to a female relative is received, and while the mind of appellant was inflamed by the passion thus engendered, this state of mind is not dependent upon whether the information received is true, but upon whether the appellant at the time of the homicide, believed it to be true.   See Jones v. State, and numerous other cases cited.

#### 3.—Same—Requested Charge—On Manslaughter—Erroneously Refused.

Where, on a trial for murder, the defensive theory of manslaughter is presented, which is predicated upon insulting words and conduct of deceased offered to the sister of appellant, it was error to refuse a requested charge, affirmatively submitting this issue, which instructed the jury that such insulting conduct on the part of the deceased toward the sister of appellant would, if true, be in law adequate cause to reduce the offense to manslaughter.

#### 4.—Same—Continued.

Where this issue is properly raised it should be affirmatively submitted to the jury, and should not be blended with other facts or circumstances which might or might not constitute adequate cause, under the general provisions of the statute.   See Hatchcock v. State, 97 Tex. Crim. Rep. 551, and numerous other cases cited in this opinion.   Also see Sec. 2019, Branch's Ann. Tex. Crim. Stats.

Appeal from the District Court of Angelina County.   Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction of murder, penalty eighteen years in the penitentiary.

This is the third appeal of this case.   The result of the first will be found reported in 91 Tex. Crim. Rep. 217, and the second in 100 Tex. Crim. Rep. 271.

*Mantooth & Denman* and *Collins & Collins,* for appellant.   On requested charge on manslaughter, appellant cites:

Jones v. State, 26 S. W. 1082.

Messer v. State, 63 S. W. 643.

Hudson v. State, 66 S. W. 669.
McAnear v. State, 67 S. W. 120.
Canister v. State, 79 S. W. 24.
Bays v. State, 99 S. W. 562.
Gillespie v. State, 109 S. W. 158.
Morrison v. State, 135 S. W. 551.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being confinement in the penitentiary for eighteen years.

This is the third appeal. The result of the first will be found reported in 91 Tex. Crim. Rep. 217, 238 S. W. 227, and the second in 100 Tex. Crim. Rep. 83, 271 S. W. 897. The facts are fully stated in the opinion on the first appeal and only enough will be here given as seems called for in the discussion of the legal points presented.

The party killed was Jim Havard, who had married appellant's sister. The killing occurred on Monday morning at deceased's home. State's witnesses testified that appellant told deceased he had been "accusing and abusing" his wife (appellant's sister) and that he had "accused" her the last time, and immediately fired the shots which killed deceased. Appellant claimed that a few days before the homicide his sister had complained to him about deceased whipping her, exhibiting at the time bruised places on her body resulting therefrom; that on Sunday before the killing on Monday his mother told him deceased had accused his wife of being criminally intimate with negro men; that he killed deceased at the first meeting after being informed of such abuse and accusation, and when his mind was inflamed by passion resulting from such information. The state introduced evidence from which the jury would have been warranted in concluding (and perhaps did conclude) that no such abuses were committed and no such accusations were made by deceased. In this state of the record appellant excepted to the charge of the court because it omitted an instruction to the effect that it was immaterial whether in fact the insulting conduct and language attributed to deceased actually occurred if the jury found that appellant had been informed that deceased *did do the things* charged against him, and believed the information he received to be true. A number of special charges were requested embracing the same principle of law. The learned

trial judge refused them and also declined to amend his charge in response to the objection. We think in this regard the learned trial judge fell into error which demands a reversal under the record before us. To the charge of murder appellant interposed the plea that he was aroused to a manslaughter state of mind by information which he believed to be true of insulting language and conduct by deceased towards appellant's sister, and that the killing was at the first meeting after the information was received and while his mind was inflamed by the passion thus engendered. Appellant had no personal knowledge of the insulting conduct or language, but relied upon the information claimed to have been conveyed to him by his sister and mother. His state of mind depended on whether he received the information and believed it to be true, and not upon the fact of the actual happening of the insulting conduct. Appellant's complaint is sustained by the following authorities: Jones v. State, Tex. Crim. Rep., 26 S. W. 1082; Messer v. State, 43 Tex. Crim. Rep. 97, 63 S. W. 643; Hudson v. State, 43 Tex. Crim. Rep. 420, 66 S. W. 668; McAnear v. State, 43 Tex. Crim. Rep. 518, 67 S. W. 117; Canister v. State, 46 Tex. Crim. Rep. 221, 79 S. W. 24; Bays v. State, Tex. Crim. Rep., 99 S. W. 561; Gillespie v. State, Tex. Crim. Rep., 109 S. W. 158; Morrison v. State, Tex. Crim. Rep., 135 S. W. 551. In the Bays case (supra) discussing a charge upon insults to a female relative as adequate cause the court used this language:

"Appellant also contends that such charge was too restrictive in that it confined the adequate cause to an actual insult by deceased towards appellant's wife, and that the jury in this respect should have been told that appellant was authorized to act on the information if he believed it true whether the insult ever occurred or not. We believe the principle announced in appellant's contention is correct, and certainly in every case where the fact of the insult is controverted, the court should charge as suggested by appellant." Our state's attorney has confessed error upon the point discussed, and we are in accord with his view of the matter.

Paragraphs 11, 12 and 13 of the court's charge contain a definition of manslaughter and an explanation of the term "under the immediate influence of passion" and a general definition of "adequate cause." In the 14th paragraph the jury were instructed as follows: "You are charged that insulting words or conduct of the person killed towards Mrs. Jim Havard, sister of the defendant, would be adequate cause."

Paragraph 15 reads as follows: "When it is sought to reduce a homicide from murder to the grade of manslaughter by reason of insulting words or conduct of the person killed towards a female relative of the party guilty of the homicide, it must appear that the killing took place immediately upon the happening of the insulting conduct, or the uttering of the insulting words, or so soon thereafter as the party killing may meet with the party killed, after having been informed of such insults."

Paragraphs 16 and 17 are instructions as to what would constitute general adequate cause not specifically made such by statute; paragraph 18 reads as follows: "It is your duty, in determining the adequacy of the provocation, if any, to consider in connection therewith all the facts and circumstances known to the defendant, the past conduct of the deceased, Jim Havard, towards the defendant, the threats by him towards the defendant, if any, and his conduct towards Mrs. Jim Havard, the sister of defendant, whether occurring at the time of the homicide or prior thereto, if known to the defendant, and if you find by reason thereof that the defendant's mind, at the time of the killing, was incapable of cool reflection, *and that the facts and circumstances were sufficient to produce such a state of mind in a person of ordinary temper, then the proof of the sufficiency of the provocation satisfies the requirements of the law*; and so in this case, you will consider all the facts and circumstances in evidence in determining the condition of the defendant's mind at the time of the killing, *and the adequacy of the cause*, if any, producing such condition."

Paragraph 19 instructs the jury. if they find that appellant in a passion aroused from an *adequate cause* as the same had been theretofore explained, killed deceased, they would find him guilty of manslaughter. Appellant excepted to the charge because it failed to instruct the jury that appellant would be guilty of no higher offense than manslaughter if he acted under the influence of passion aroused by information of insulting words and conduct of deceased towards Mrs. Jim Havard, appellant's sister, if the passion thus engendered rendered appellant's mind incapable of cool reflection, and the killing was upon the first meeting. Appellant further excepted to the charge because it authorized the jury to pass upon and determine whether the insulting words or conduct of deceased towards appellant's sister constituted adequate cause. In addition to these exceptions appellant requested the following special charge which was refused:

"In passing upon the issue of manslaughter here, the court instructs you that you will consider in connection with the court's main charge bearing upon this issue, the following special instruction: 'The law provides that insulting words or conduct of the person killed towards a female relative of the party guilty of the homicide is adequate cause, providing the killing occurs immediately upon the happening of the insulting words or conduct, or so soon thereafter as the party killing meets with the party killed, after learning of said insults.'

"Therefore, if you find and believe from the evidence that the defendant, Earl Dixon, was informed by his mother or sister that the deceased, Jim Havard, had been guilty of insulting words or conduct towards Mrs. Jim Havard, sister of defendant, and that upon the first meeting of the deceased with defendant after receiving said information, the defendant, while in a transport of passion aroused by the information which he had received, and while his mind was rendered incapable of cool reflection by reason of the information, and the passion engendered thereby, he killed the deceased, then, he would not be guilty of any higher offense than manslaughter, and this would be true even though you may believe that the insults were never uttered by the deceased, provided you believe from the evidence that the defendant was told that they were uttered and believed the information and acted upon it."

It is evident from the court's charge that he was attempting very properly to submit for the consideration of the jury the information which had reached appellant through his sister as to abusive conduct claimed by her to have been received at the hands of deceased in whipping her and leaving bruises upon her body as a result thereof, together with other facts and circumstances in evidence, and whether under all the facts and circumstances the jury found adequate cause existed to reduce the offense to manslaughter, but in submitting the case statutory "adequate cause" of an insult to appellant's sister is blended with the facts and circumstances which must be found by the jury to have been adequate cause, and the charge as thus blended is confusing. If appellant had been informed by his mother that deceased had charged his sister with criminal intimacy with negro men, this insulting language was adequate cause as a matter of law, and the court properly so told the jury, and appellant was entitled to have this issue submitted either in the language of the special charge requested, or in some other appropriate way untrammeled by confusing it with facts which might

or might not be found by the jury to be adequate cause under the general provisions of the statute. See Hathcock v. State, 97 Tex. Crim. Rep 551, 263 S. W. 587; Craft v. State, 57 Tex. Crim. Rep. 257, 122 S. W. 547; Love v. State, 71 Tex. Crim. Rep. 79, 158 S. W. 525; Smith v. State, 67 Tex. Crim. Rep. 27, 148 S. W. 699; Rogers v. State, 67 Tex. Crim. Rep. 467, 149 S. W. 127; Long v. State, 84 Tex. Crim. Rep. 529, 208 S. W. 922. For a collation of additional authorities upon this point see Sec. 2019, Branch's Ann. Tex. Crim. St.

For the errors discussed the judgment must be reversed. and the cause remanded.

*Reversed and remanded.*